## HARRY HYMAN *vs.* JULES WAAS.

Third Judicial District, New Haven, June Term, 1906. .
BALDWIN, HAMERSLEY, HALL, PRENTICE and THAYER, Js.

A hanging sign in front of the plaintiff's store fell and injured a passer-by, to whom the plaintiff was obliged to pay $200. Thereupon he sued the defendant, who made the sign, alleging that he had contracted to hang it securely. The defendant denied that his contract required him to hang the sign, and averred that if it did, he had merely followed the directions of one *B*, who, he asserted, was the plaintiff's agent in charge of that matter. *Held* that under these circumstances it was incumbent upon the trial judge to distinguish in his charge between the question of agency and the question of whether the alleged agent had in fact given any directions to the defendant; and inasmuch as his charge was in this respect confused and misleading, and practically withdrew from the jury's consideration evidence which would have warranted them in finding the agency alleged, the defendant was entitled to a new trial.

Argued June 7th—decided July 30th, 1906.

ACTION to recover damages alleged to have been caused by the defendant's negligence, brought to the Court of Common Pleas in New Haven County and tried to the jury before *Ullman, J.;* verdict and judgment for the plaintiff for $250, and appeal by the defendant. *Error and new trial ordered.*

*Walter P. Judson,* for the appellant (defendant).

*Robert C. Stoddard,* for the appellee (plaintiff).

HALL, J.   Upon the trial to the jury the plaintiff offered evidence to prove these facts : In March, 1902, the plaintiff, the proprietor of a department store on Church Street in New Haven, contracted with the defendant, whose business was to construct and put up iron railings and signs, to furnish the necessary ironwork for, and to securely attach and put in place and fasten in a safe manner to the plaintiff's store building, a large sign of the value of from $125 to $200, made of iron, wood and plate-glass, and containing a number of incandescent electric lights with their wiring apparatus.   The sign was to be hung about nine feet from the sidewalk and to extend out about six feet from the building.   The defendant was to receive $12 for his work.   The defendant made said ironwork and hung the sign, but so negligently performed his work, and so improperly and insecurely fastened the sign to the building, that in April, 1902, it fell, destroying the sign and severely injuring a young woman who was passing along the sidewalk, and to whom, in settlement of her lawful claim for damages, the plaintiff was compelled to pay about $200.

The defendant, after denying in his answer the principal allegations of the complaint, alleged in a second defense that " on or about the 18th day of March, 1902, the defendant at the request of Mr. Besser, agent of the plaintiff, without compensation, assisted the plaintiff in hanging said sign to the best of his ability."   These allegations were denied by the plaintiff's reply.

The court in charging the jury regarding said second defense, used this language : " In order to make this defense effective it is necessary for the defendant to prove the agency in this matter ; and the court would charge you that there is nothing in this case, outside of the statement made by the defendant that Mr. Besser, the clerk of the plaintiff, gave him instruction, to prove said agency."   The. defendant asserts that by this remark the court withdrew from the consideration of the jury certain relevant evidence which he had offered, as proof of the agency of Besser, and

of his authority to direct the defendant how to hang the sign. Upon said question of agency, the trial court later in its charge said to the jury : " If said injuries were caused by something done by the defendant at the request of the plaintiff's agent, and without compensation, then the defendant is not liable, unless his acts of omission or commission which caused said injuries were wilful or malicious ; but the agency must be made clear."

It appears from the finding that the defendant offered evidence to prove, and claimed to have proved, that he made no contract whatsoever with the plaintiff personally, but contracted with Mr. Besser, who acted in behalf of the plaintiff ; that his contract with Besser was to construct the ironwork for supporting the sign, and to fasten the ironwork to the building for the sum of $12; that he had nothing to do with the construction of the sign itself, and was not by the contract to have anything to do with the hanging of the sign upon the ironwork ; that the sign did not fall on account of any defect in the ironwork constructed by the defendant, or any fault in the manner in which the ironwork was fastened to the building, but because it was hung upon the ironwork so that it might swing; that Besser was in the employ of the plaintiff as a clerk ; that he had charge of the construction of the electric work connected with the sign, and of the work of securing the sign to the ironwork ; that he went with two of the defendant's men to procure the sign, and requested the defendant to assist him in hanging it on the ironwork, which he did without compensation ; and that in accordance with Besser's plan, and contrary to the suggestion of the defendant, the sign was so hung upon the ironwork that it might swing.

We have not before us the evidence which it is said was offered by the defendant to establish these facts, but we are informed by the finding that the only evidence that " any orders were received by the defendant from the plaintiff's agent was the statement of the defendant, which statement was specifically denied by Mr. Besser and the plaintiff."

The substance of the second defense is that if the defendant contracted to hang the sign, and improperly hung it upon the ironwork, he hung it in the manner directed by the plaintiff's agent Besser. But whether Besser gave such directions, and if he did, whether he was authorized to give them, are different questions. By the language of the charge complained of the court perhaps meant to say to the jury that there was nothing in the case outside of the defendant's own statement to prove that he was directed by Besser how to hang the sign, and that such statement of the defendant was specifically denied by Besser and the plaintiff. But what the court in effect said was, that if Besser gave such directions to the defendant there was nothing in the case to show his authority to do so, excepting the defendant's statement that Besser gave the directions. That the defendant's statement was the only evidence that Besser gave the alleged directions is presumably correct. That there was no evidence in the case of the authority of Besser to give such directions, excepting the defendant's statement that Besser in fact gave them, is inconsistent with the finding. If the jury were satisfied, as they may have been from the evidence, that Besser directed how the sign should be hung, the evidence which the finding states was offered by the defendant, that Besser was in the employ of the plaintiff; that he constructed the electric work connected with the sign; that he not only assisted in bringing the sign to the front of the plaintiff's store and in hanging the sign upon the ironwork, but " had charge of securing said sign to the ironwork erected by the defendant," and was apparently there openly assuming the planning and directing of how the work should be done— was important evidence to be considered by the jury upon the question of Besser's authority to give such directions; and these facts, if they were established by the evidence which it is said was offered to prove them, were sufficient to warrant the jury in finding that Besser had authority to give the alleged directions.

The charge of the court that there was nothing in the

case to prove the agency of Besser but the defendant's statement that Besser gave him the instructions in question, was incorrect. If the plaintiff failed to prove that the defendant contracted to do that part of the work, the defective performance of which caused the sign to fall, and it appeared that the defendant at the request of Besser merely aided him in performing that part of the work, in the manner directed by Besser, the defendant was entitled to a verdict irrespective of any question of agency or authority of Besser to give such directions. If after proof that the defendant contracted to perform such part of the work, the defendant proved that he performed it as directed by Besser and under the circumstances above described, it should have been left to the jury, with proper instructions from the court as to how the claimed agency might be proved, to decide, upon all the evidence above referred to, whether the authority of Besser to give such directions for the plaintiff had been shown.

There is error and a new trial is ordered.

In this opinion the other judges concurred.