WILLIAM WELSHAUSEN *vs.* THE CHARLES PARKER COMPANY.

Third Judicial District, Bridgeport, April Term, 1910.
HALL, C. J., PRENTICE, THAYER, RORABACK AND ROBINSON, JS.

Evidence of the existence of a contract between the parties is essential to the establishment of a breach of warranty, express or implied: for without a contract there can be no warranty.

A warranty of an article sold enures to the benefit of the original purchaser only: a subsequent vendee, being a stranger to the contract, cannot sue for its breach.

A jury will not be permitted to guess or surmise the existence of the alleged negligence from facts and circumstances which do not fairly show it.

In the present case the plaintiff sought to recover damages for personal

injuries caused by the explosion of a gun made by the defendant, alleging negligence in its manufacture and inspection. Having introduced the gun as an exhibit, the plaintiff offered evidence that the cartridges used in the barrel which exploded fitted somewhat loosely. *Held* that while this evidence furnished a foundation for the testimony of experts to show that the thickness of the barrels, as shown by the gun itself, was insufficient for safety, or that the quality of the steel was poor, or that the barrels were improperly and irregularly bored, and that the looseness of the fit of the cartridge was liable to cause a disruptive explosion, it was entirely inadequate, standing alone, to justify anything more than a mere conjecture or guess as to the cause of the accident.

Argued April 19th—decided June 14th, 1910.

ACTION to recover damages for personal injuries caused by the bursting of one of the barrels of a breach-loading shot gun made by the defendant and alleged to have been sold by it to the plaintiff, brought to the Superior Court in New Haven County where the plaintiff was nonsuited in a trial to the jury before *Gager, J.*, from which judgment he appealed. *No error.*

*Charles S. Hamilton* and *Alfred B. Aubrey*, for the appellant (plaintiff).

*William W. Hyde* and *Arthur L. Shipman*, for the appellee (defendant).

THAYER, J. The complaint alleges that the plaintiff purchased of the defendant a gun of its own manufacture, with an express warranty by its agent that the same was sound, of best quality and fit to stand the strain of proper and ordinary use, and that the barrels thereof were of the best Damascus steel. It also alleges negligence on the part of the defendant in manufacturing the gun and putting it on the market, and in allowing it to go into the hands of customers without proper supervision and inspection during and after its

manufacture and before it was sold; that the gun was weak, insufficient, badly constructed, and of poor quality of steel, and that because of such defect the left barrel burst when the plaintiff was using it in the ordinary manner and with due care, and injured him. In compliance with an order of the court, the complaint was so amended as to show wherein the gun was defective, weak, and badly constructed. There is no allegation expressly stating a breach of the warranty.

Upon the motion to set aside the nonsuit, the plaintiff claimed that there was evidence from which the jury could find the express warranty, or an implied warranty, that the gun was fit for the purposes for which it was sold, and the breach of such warranty; also that there was sufficient evidence that the gun was defective in the respects alleged, and that the defendant was negligent in putting it upon the market in that condition, to warrant a verdict upon that ground.

To sustain a finding that there was a breach of warranty, express or implied, there must have been evidence of a contract between the parties, for without a contract there could be no warranty. There was no evidence which would justify the jury in finding any contract between the parties. The evidence did not show that the plaintiff purchased the gun from the defendant. On the contrary, it showed that the defendant sold the gun to the Simons Hardware Company, by whom it was sold to one Koenig, who sold it to the plaintiff. The evidence of this was so clear that had the jury found that the sale was made by the defendant to the plaintiff, the finding must have been set aside. The warranty, if one was given, was to the Hardware Company and not to the plaintiff; and he, as sub-vendee, has no cause of action upon the warranty.

Upon the other branch of the case, there was no evidence to justify the jury in finding that the gun was

defective in the respects set forth in the amended complaint.  The gun was in evidence, and there was some evidence that the cartridges fitted the left barrel somewhat loosely.  But the jury would not be permitted, from this fact alone, to conjecture that the gun was defective or unsafe.  That fact laid the foundation for the introduction of further evidence by experts to show that the thickness of the barrels, as shown by the exhibit, was insufficient for safety, or that the quality of the steel was poor, or that the barrels were improperly and irregularly bored, and that the looseness of the fit of the cartridge was liable to cause a disruptive explosion.  If such were the fact, it was easy to produce witnesses having knowledge derived from experience and study to testify to it.  The jury could not properly be allowed to guess or surmise that it was so. *Fay* v. *Hartford & Springfield Street Ry. Co.*, 81 Conn. 330, 335, 71 Atl. 364.

There was an entire failure of evidence to prove that the defendant broke any warranty, or negligently placed the gun upon the market, and the motion to open the nonsuit was properly refused.

There is no error.

In this opinion the other judges concurred.