CHRISTINA HERMANSON ET AL. *v.* EVELYN HERMANSON

SUPERIOR COURT        TOLLAND COUNTY        FILE No. 6340

Memorandum filed February 16, 1954.

*Abraham A. M. Schweitzer,* of Hartford, for the plaintiffs.

*Day, Berry & Howard,* of Hartford, for the defendant.

KING, J. The amended complaint in this action is in two counts, each claiming damages for personal injuries and consequent losses respectively sustained by two passengers, Christina Hermanson and Christine Hermanson, who were riding on the front seat of an automobile which collided with a utility pole

in Everett, Massachusetts, on May 2, 1953. The car is alleged to have been owned by the defendant Evelyn Hermanson and to have been then operated as a family car by her husband, George Hermanson, who is not named as a defendant.

One of the plaintiffs is Christina Hermanson, and her claimed cause of action forms the subject matter of the first count, sounds in negligence only, and runs against the defendant Evelyn Hermanson, hereinafter referred to as the defendant owner, only. The other plaintiff, Christine, is the minor daughter of the owner and of the operator of the car and a member of their household; and her claimed cause of action forms the subject matter of the second count, sounds only in breach of contract of express warranty, and runs against the defendant Town Motors, Inc., hereinafter referred to as the defendant seller, only. It should perhaps be noted that paragraph 8 of the second count seems to seek recovery on the part of George Hermanson, as an individual, for medical expenses incurred on behalf of his minor daughter, Christine, apparently under § 2389c of the 1953 Cumulative Supplement to the General Statutes, since he was not made a plaintiff in the writ.

It is alleged in paragraphs 1 and 2 of the second count of the complaint that the defendant seller, on March 17, 1953, sold the car, which was then a new 1953 Kaiser de luxe four-door sedan, to the defendant owner with a warranty that it was "The World's First Safety-First Car" with the "World's Safest Front Seat" and equipped with "One Piece Safety Mounted Windshield—Designed to Push Outward in Case of Severe Impact," and that the defendant owner bought the car in reliance on the warranty. It is further alleged that in the impact with the pole the plaintiff Christine's head was thrown against the windshield, which failed to push outward but re-

mained rigidly in place, thereby causing that plaintiff severe injuries.

The defendant seller has demurred to the complaint in so far as directed against it because a cause of action for breach of an express warranty is alleged and no privity of contract between the minor plaintiff Christine or her father and the defendant seller is alleged. The demurrer was not limited, as it should have been, to the second count of the complaint; nor is the wording of the complaint as clear as it should have been in alleging the causes of action respectively pleaded in the respective counts.

The parties stipulated in open court that (1) the second count is on behalf of the minor plaintiff, Christine, and of her father, only; runs against the defendant seller, only; and states only a cause of action for breach of contract of express warranty; and (2) the demurrer attacks only the second count. These stipulations would have been unnecessary had the writ, complaint and demurrer been properly drafted.

With some hesitation, and rather against its better judgment, the court has decided to overlook the technical defects and irregularities in the process and pleadings and to treat the case as treated by the parties. *Anselmo* v. *Cox,* 135 Conn. 78, 79. So regarded, the sole question to be determined is whether the express warranty to the plaintiff Christine's mother, the defendant owner, inured to the benefit of the plaintiff, a minor member of the mother's family, or to the benefit of her father, or to the benefit of both.

In Connecticut, at least, a cause of action for breach of a contract of express warranty is a cause of action in contract and not in tort. *Borucki* v. *MacKenzie Bros. Co.,* 125 Conn. 92, 96. As far as appears the minor plaintiff and her parents lived in

South Coventry, Connecticut, and the defendant seller was a Connecticut corporation located in Manchester. It follows that while the first count, in tort, is governed by the law of Massachusetts, where the accident happened, the second count, for breach of contract of express warranty, is governed by the law of Connecticut, where the contract was made. *Ryan* v. *Scanlon,* 117 Conn. 428, 430; *King* v. *Travelers Ins. Co.,* 123 Conn. 1, 4; *Levy* v. *Daniels' U-Drive Auto Renting Co.,* 108 Conn. 333, 337.

It should be noted at the outset that there is no allegation that this windshield was more dangerous than the ordinary windshield with which cars are customarily equipped. This precludes any claim that the windshield, as furnished, rendered the car of unmerchantable quality so as to give a cause of action for breach of implied warranty under the provisions of § 2160c (2) of the 1953 Cumulative Supplement, even if implied warranty were claimed to be in the case. And of course no food is involved, so the plaintiff takes no benefit from § 2161c.

It is settled law that for breach of express warranty there can be no recovery except by the person with whom the seller made the contract of which the warranty is a part. *Welshausen* v. *Charles Parker Co.,* 83 Conn. 231, 233; *Borucki* v. *MacKenzie Bros. Co.,* supra, 95. Neither the minor plaintiff nor her father were parties to the mother's contract of purchase of the car. The claim of the minor plaintiff and her father that the adoption of the rule of third party beneficiary in Connecticut makes the holding of the *Welshausen* case, supra, no longer applicable is without merit. Id., 98.

For the foregoing reasons the demurrer of the defendant Town Motors, Inc., to the second count of the complaint must be, and is, sustained.