ANTHONY TRALLI *v.* TRIPLE X STORES, INC., ET AL.

SUPERIOR COURT     HARTFORD COUNTY     FILE NO. 92665

Memorandum filed July 13, 1954.

*Herman Yules,* of Manchester, for the plaintiff.

*Frank E. Dully,* of Hartford, for the defendants The Triple X Stores, Inc., and The Sam Schwartz Co.

*Day, Berry & Howard,* of Hartford, for the defendant Dayton Rubber Co.

ROBERTS, J. The plaintiff seeks damages from the defendants for personal injuries alleged to have occurred by reason of an explosion of a tire which he was in the process of mounting.

In the original complaint the action against the defendant Dayton Rubber Company was grounded upon negligence and against the defendants The Triple X Stores, Inc., and The Sam Schwartz Company upon breach of warranty. By an amendment filed at the time of trial and statements made by plaintiff's counsel at the time of trial, the breach of warranty claim has apparently been abandoned and a claim of negligence made against all defendants. The defendants have each filed a defense of contributory negligence and the defendant Dayton Rubber Company has alleged a defense of the Statute of Limitations.

The evidence in support of the allegations of the plaintiff's complaint establishes that the tire in question was purchased by one Brozowski from the defendant The Triple X Stores, Inc., in Manchester. The tire was taken by him on June 4, 1951, pursuant to an agreement between him and The Triple X Stores, to the garage of one Rocco Tralli in Manchester for mounting. The plaintiff, who was the brother of Rocco and employed by him, was in the process of mounting the tire when the alleged accident and injuries occurred on June 4, 1951.

Under these circumstances, even under the allegations of the original complaint, no liability to the plaintiff under the claim of breach of warranty

would arise as there was no privity of contract between him and the defendants The Triple X Stores, Inc. and The Sam Schwartz Co. *Borucki* v. *MacKenzie Bros. Co.*, 125 Conn. 92, 96; *Welshausen* v. *Charles Parker Co.*, 83 Conn. 231, 233.

The tire in question was manufactured by the defendant Dayton Rubber Company. The mold and trade-mark "Cordovan," under which name this type of tires was sold, were owned by American Associates, a corporation. Through an agreement with this latter corporation the defendant The Sam Schwartz Company ordered such tires directly from the Dayton Rubber Company and paid the Dayton Rubber Company for them. The tires were then distributed by The Sam Schwartz Company, as distributor, to The Triple X Stores as the retail outlets.

The plaintiff in his brief relies, as against the Dayton Rubber Company at least, on the doctrine expressed in the case of *MacPherson* v. *Buick Motor Co.*, 217 N.Y. 382, and 65 C.J.S. 629. In the *MacPherson* case there was evidence to the effect that defective wood was used in the manufacture of an automobile wheel and that the plaintiff was injured in an accident resulting therefrom. It also appears that the defect could have been discovered by reasonable inspection and that such inspection was omitted. The essence of the liability thus claimed is therefore based on negligence.

The claim of negligence on the part of the Dayton Rubber Company will therefore first be considered. Although the doctrine of res ipsa loquitur is not specifically mentioned in the plaintiff's claims of law in his brief, yet under the claims as made it may be well to point out that the court does not consider that the doctrine as such applies in this case. The conditions to have that doctrine apply have not all been met. It appears from the evidence that both

the inspection and user were not at the time of the injury in the control of any of the defendants. It does not appear that the injurious occurrence must have happened irrespective of any voluntary action at the time by the plaintiff, as the injured party. *Briganti* v. *Connecticut Co.*, 119 Conn. 316, 320; *Richards* v. *Grace-New Haven Community Hospital*, 137 Conn. 508, 511. Furthermore the force of the application of the doctrine, even if the conditions were such that it was applicable, is spent by the offering of evidence by the plaintiff as well as the defendants on the question of negligence. See *Ryan* v. *George L. Lilley Co.*, 121 Conn. 26, 30.

The plaintiff in his complaint, in the allegations of negligence against the Dayton Rubber Company, sets forth in substance that the defendant knew or ought to have known that the tire was in a defective and inherently dangerous condition and, particularly, "would sell the same to members of the public who would be endangered and injured thereby although it knew or ought to have known that the wires and cables in the bead were broken, separated and loosened, and as a result of the defective condition of said bead the tire was not reasonably safe for use." This latter allegation appears to rely on the claim that the bead was broken or "fractured" before it left the defendant's factory and that it was put on the market in this condition by the defendant Dayton Rubber Company, which condition was due to faulty manufacture and lack of inspection. The plaintiff's statement in his brief that "[i]t is true a thorough inspection by either The Sam Schwartz Company or The Triple X Stores, Inc. of Manchester would have disclosed the tire as being defective" also appears to adopt the theory, as expressed in the allegation cited above, that the defect was other than a latent one. The plaintiff has failed to sustain his allegations of negligence in this re-

spect against the Dayton Rubber Company. Evidence has been offered concerning the several stages of inspection as given by the company in the manufacture of a tire. Mr. Veen of The Triple X Stores inspected the tire on two occasions before turning it over to the purchaser, Brozowski. The plaintiff himself, according to his testimony, after an examination of the tire, before he started to mount it, detected no broken or fractured bead. Witnesses produced in behalf of the several parties to the action clearly establish that a fractured bead would be discernible by a slight inspection. Indeed, an examination of the tire in question with its present fractures readily proves this. Such a defect, if it existed, would most certainly have been detected. The evidence also establishes that the tire in question, after it left the defendant's factory, passed through many hands in shipping and storage until it reached the plaintiff. The evidence fails to establish that the wires and cables of the bead were broken, separated and loosened and the tire defective when it left the defendant's factory and there is no showing of a lack of inspection. Indeed, if there was a fractured bead, the plaintiff, who was familiar with the handling of tires, was guilty of contributory negligence in not discovering it before he proceeded to mount the tire.

The plaintiff also in his brief, in discussing the *MacPherson* case, supra, refers to the instant alleged defect as a latent one. In passing it might be observed that a reading of the *MacPherson* case, supra, would indicate that the defect in that case was not one which would be called latent. The question of a latent defect will now be considered. The defendant Dayton Rubber Company established by evidence the steps through which a tire goes during its manufacture. It appears that each bead is made up of four strands of four wires each, or a total of

sixteen wires, encased in rubber, and the ends of the wires, where they occur, overlap one another. Evidence of reasonable inspection through the process of manufacture was also given. No direct evidence of defective manufacture was shown, or that the bead was broken, separated or loosened when it left the factory. It is not reasonably probable from the evidence concerning the manufacture of the bead, or the other evidence in the case, to infer that the wires in the beads on both sides of the tire were broken or even bent or weakened. Both of the experts produced by the plaintiff, Mr. Dorne and Mr. Beaupre, who gave as their opinion that the tire was defective causing the explosion, considered that it was a remarkable coincidence, however, that the defects consisted of two fractures, one on each side of the tire nearly opposite each other. Engineers of the defendant company conducted an experiment with a similar tire and tube, and found that at high pressure an explosion took place similar in result to the one in the instant case, producing two fractures, one of each bead of the tire, nearly opposite one another, a rent in the tube and a forceful propelling of the tire, tube and rim into the air. This was brought about in the experiment by purposely pinching the tube against the rim. In this connection it is interesting to note that Mr. Dorne, the plaintiff's expert, gave as his opinion that the tube in the present instance was trying to escape past the tire and rim and thus exploded when the pressure became great enough.

While the court is aware that it is difficult perhaps for the plaintiff to obtain direct proof of defective manufacture causing a latent defect, nevertheless, considering all the evidence before the court, it does not permit of an inference even, which the court can reasonably and logically draw from the evidence without getting into the realm of specula-

tion, that the tire was defectively constructed at the factory. The reasonable inference, it would seem, points the other way. The plaintiff has failed in his burden of proof of showing defective manufacture on the part of the defendant company, due to a latent defect, and of proving a lack of inspection on its part to discover it, if one existed.

The court's conclusion that the plaintiff has not proven negligence against the Dayton Rubber Company actually disposes of the case against it. Said defendant has, however, set up the Statute of Limitations, § 8324 of the General Statutes. This section provides that "No action . . . shall be brought but within one year from the date of the act or omission complained of . . . ."

Without reciting in detail all the facts, the court finds that the tire in question was shipped from the plant of the Dayton Rubber Company, by common carrier truck, to the defendant, The Sam Schwartz Company, on May 22, 1951, and received by the latter company on May 28, 1951. Thereafter it was delivered to the defendant The Triple X Stores in Manchester. The instant suit against this defendant was first instituted by service by garnishee process on The Sam Schwartz Company on May 26, 1952, with a nondisclosure on its part. On May 26, 1952, an order of notice was obtained from the clerk of the Superior Court, which in turn was served on the defendant by registered mail, as evidenced by post office return receipt dated May 28, 1952. An appearance was filed for this defendant on June 28, 1952. The service of the garnishment did not begin the action; that occurs only when the defendant is brought within the jurisdiction of the court by service of a writ upon it or by its voluntary appearance. *Young* v. *Margiotta*, 136 Conn. 429, 433. Under the facts of that case it was held that the action was begun when the defendants entered their appear-

ance. That date in this case would be June 28, 1952. But, at any rate, the instant action was certainly not begun prior to May 28, 1952, when the writ, complaint and order of notice were received by registered mail by the defendant, a nonresident corporation.

The "act or omission complained of" so far as this defendant is concerned, being the negligence complained of in the defective manufacture and inspection of the tire, it would appear had to occur prior to May 22, 1951, when the tire left the defendant's factory and control. This conclusion appears to coincide with the majority opinion in the case of *Dincher* v. *Marlin Firearms Co.*, 198 F.2d 821. In that case there is pointed out (p. 822) a significant change in the Connecticut statute from the former statute, § 6015, Rev. 1930, which read "within one year from the date of the injury or neglect complained of." See also *Giambozi* v. *Peters*, 127 Conn. 380, 384; *Kennedy* v. *Johns-Manville Sales Corporation*, 135 Conn. 176, 178.

The plaintiff says that if the statute applies in this case the plaintiff would be deprived of his right of action before the accident occurred and his right of action accrued. The interpretation of a statute must necessarily cause hardship in some instances to one of the parties to an action. That such a situation has been considered under our Connecticut statute, see *Thomas Iron Co.* v. *Ensign-Bickford Co.*, 131 Conn. 665, and particularly at page 671. In arguing that the Statute of Limitations should not apply because the right of action had not accrued, the plaintiff in his brief cites a number of cases in other jurisdictions, such as *Foley* v. *Pittsburgh-Des Moines Co.*, 363 Pa. 1, and others under Pennsylvania law, and *Schmidt* v. *Merchants Despatch Transportation Co.*, 270 N.Y. 287, 104 A.L.R. 450, and others under New York law. The court believes

that the opinions in those cases lose their force as applied to the instant case when the difference in the wording of statutes or rules of practice in those states, as compared to Connecticut, is taken into consideration. In Pennsylvania, the statute which apparently applies provides that suit must be brought within two years "from the time when the injury was done and not afterwards." Pa. Stat. Ann. tit. 12, § 34 (1953). In New York the apparently applicable rule of practice reads in substance as follows: An action to recover damages for a personal injury resulting from negligence must be commenced within three years after the cause of action has accrued. N.Y. Civ. Prac. Act, § 49. The court concludes that the Statute of Limitations does apply and therefore the instant action against the defendant Dayton Rubber Company is barred.

The court will now comment on the allegation of negligence against the other defendants, The Sam Schwartz Company and The Triple X Stores, Inc., as contained in the amendment to the complaint filed June 9, 1954. The only actual specified allegation of negligence is against the defendant The Triple X Stores in the amendment to paragraph 7 of the complaint. Paragraph 9 as amended is the only mention made of negligence on the part of the defendant The Sam Schwartz Company and no specification of negligence is contained therein. In considering, however, any alleged negligence against these defendants, much of what has already been said in this memorandum concerning the alleged negligence of the defendant Dayton Rubber Company may apply to such negligence as is alleged against these defendants. The plaintiff in his brief argues that these defendants were chargeable with reasonable and proper inspection. Even waiving for the moment the defect in the allegations of negligence as pointed out above to support this claim, especially

as to The Sam Schwartz Company, the court cannot find that the plaintiff has established this claim. The evidence discloses that reasonable and proper inspection was had by the manufacturer and then by Veen, as employee of the defendant The Triple X Stores, Inc. The purchaser Brozowski saw nothing wrong with the tire at the time of purchase. Indeed, the plaintiff after an examination, as pointed out earlier in this memorandum, found nothing wrong with the tire. And if it were a claimed latent defect then it would not be discernible by an ordinary reasonable inspection. See *McLean* v. *Goodyear Tire & Rubber Co.*, 85 F.2d 150.

The plaintiff in his brief also makes claim under the further ground that these defendants held out to the public that this tire was their own product and that it was either manufactured by them or manufactured for them. Now here again the allegations of the complaint as amended do not allege facts to support such a theory. In furtherance of that theory the plaintiff in his brief likens the situation to that in *Burkhardt* v. *Armour & Co.*, 115 Conn. 249. The proven facts of this case do not bring it within the rule in the *Burkhardt* case. The plaintiff has not proven negligence on the part of these defendants even under this theory.

While what the court has already said sufficiently disposes of the case, yet since the defendants press their claims of contributory negligence comment will be made thereon. As has already been suggested, if the defect were a discernible one, which it would appear from the evidence would have to be the case if the bead was fractured or even bent when the tire came into the hands of the plaintiff, then the plaintiff would be negligent in not discerning such defect by his inspection before mounting the tire. Furthermore, from the evidence it appears that the plaintiff did not adopt the method considered proper by the

plaintiff's brother and other of the experts in rounding out the tube by a small amount of air before inserting it into the tire. He also did not use a lubricant such as is customarily used in mounting a tire on the type of rim in question. Both of these steps were essential and proper in mounting a tire on a safety rim such as this was. From all the evidence, part of which has already been commented on earlier in this memorandum, and certain inferences to be drawn therefrom, the court cannot but believe that the plaintiff, in adopting the method that he did in mounting the tire, allowed the tube to become pinched against the rim, thus causing the explosion in a manner as described by the experts for both the plaintiff and the defendants. The court therefore cannot find that the plaintiff was free from contributory negligence.

This memorandum is perhaps longer than it need be, but this case was well and competently tried by counsel for all the parties and the briefs covered many claims which the court felt should be considered.

The issues are found for all defendants in accordance with this memorandum and judgment may enter accordingly.