JOHN PRESTON BARRETT, ADMINISTRATOR (ESTATE OF WILLIAM OSCAR BARRETT) *v.* AIR REDUCTION COMPANY, INC. ET AL.

SUPERIOR COURT     NEW HAVEN COUNTY     FILE NO. 80761

Memorandum filed October 28, 1955.

*Thomas R. Robinson* and *Robert H. Alcorn,* both of New Haven, for the plaintiff.

*Gold & Gold,* of New Haven, for the defendant Lucile Huckaby, Admrx.

*Wiggin & Dana,* of New Haven, for the defendants Air Reduction Co., Inc. and New England Welding Supply, Inc.

*Francis J. Moran,* of New Haven, for the defendant North Haven Auto Wrecking Co., Inc.

KING, J. Two of the defendants, Air Reduction Company, Inc., and New England Welding Supply, Inc., have demurred, on two grounds, to the second count of the complaint as amended. The demurrer now being considered is No. 20 in the file. It is important to bear all this in mind because there have been other demurrers in this case, the amended complaint contains four counts and there are four defendants.

The amended complaint alleges, in effect, that the plaintiff's intestate was killed by the explosion of an

oxygen tank while he was operating an acetylene torch in cutting up used motor cars for his employer, one Dock Huckaby, since deceased, whose administratrix is also a party defendant. The work was being done on the premises of the defendant North Haven Auto Wrecking Company, Inc.

This second count sets forth a cause of action for breach of warranty in that the defendants Air Reduction Company, Inc., New England Welding Supply, Inc. and the North Haven Auto Wrecking Company warranted that the tank and cap supplied to said Dock Huckaby and to the plaintiff's decedent for their use in cutting up the cars were safe, adequate for the work intended and fully supplied with all necessary safety devices in accordance with law; and it is further alleged that the defendants breached their warranty and that as a proximate consequence of such breach an explosion occurred which killed the plaintiff's decedent. It is not alleged whether the warranty was express or implied.

The first ground of demurrer attacks the second count of the amended complaint as insufficient in law because it is not alleged that any contract existed between the plaintiff's intestate and either or both of these demurring defendants, and without such a contract there could be no warranty, express or implied.

The demurrer makes no distinction between either demurring defendant. The complaint does not state whether the contract, as far as the defendant Air Reduction Company, Inc., is concerned, was made in New York, where that company is alleged to be incorporated and to have its principal place of business, or in Connecticut, where the defendant the New England Welding Supply, Inc., is located and has its principal place of business. The allegations of the complaint are broad enough to permit proof that the

contracts entered into by these two corporations were either made in Connecticut or, if made in New York, were intended to have their operative effect in Connecticut. In either case the law of Connecticut would be presumed to govern in the absence, as here, of anything to the contrary in the pleadings. *H. G. Craig & Co.* v. *Uncas Paperboard Co.,* 104 Conn. 559, 564; *Levy* v. *Daniels' U-Drive Auto Renting Co.,* 108 Conn. 333, 338. Furthermore, in any event, the law of New York is presumed for the purposes of the demurrer to be the same as that of Connecticut in the absence, as here, of anything in the complaint or demurrer indicating otherwise. *Phoenix State Bank & Trust Co.* v. *Johnson,* 132 Conn. 259, 263; *White* v. *White,* 138 Conn. 1, 8. Thus the question is reduced to what is the law of Connecticut on the question.

In Connecticut, it is settled law that there can be no recovery for breach of an express or implied warranty except by the parties to the contract and their privies. This is because "the remedy is based on contract and therefore limited to parties and privies thereto." *Borucki* v. *MacKenzie Bros. Co.,* 125 Conn. 92, 95; *Welshausen* v. *Charles Parker Co.,* 83 Conn. 231, 233; *Hermanson* v. *Hermanson,* 19 Conn. Sup. 479, 482; *Tralli* v. *Triple X Stores, Inc.,* 19 Conn. Sup. 293, 294.

It is hardly necessary to point out that the statutory exceptions to this rule (General Statutes, Cum. Sup. 1953, §§ 2160c (2), 2161c) have no application to this case. Nor is there anything in *Johnson* v. *H. M. Bullard Co.,* 95 Conn. 251, which qualifies or limits the foregoing rule; indeed the complaint in that case sounded only in negligence. The claim of the plaintiff that the adoption of the rule of third party beneficiary in Connecticut makes the holding of the *Welshausen* case no longer applicable is without merit. *Borucki* v. *MacKenzie Bros. Co.,* supra, 98.

It follows that the first ground of the demurrer is sound.

The second ground of demurrer attacks the second count of the complaint as insufficient in law because a bailor's liability to a third person injured by a defective article supplied to the bailee "rests solely in negligence."

It is not clear from the allegations of the complaint whether the plaintiff claims that these two demurring defendants or either of them made a sale or a bailment of the tank in question. The complaint is broad enough to permit proof of either a sale or a bailment. This second ground of demurrer, however, is not limited in its attack to the second count in so far as it purports to allege a recovery on the theory of a bailment, but attacks the second count as a whole. It necessarily follows that this ground could not be sufficient to warrant sustaining the demurrer even if the claim of law raised, as applied to a contract of bailment, was sound. Practice Book § 96 and Form No. 259 (third form); *Goldfarb* v. *Cohen,* 92 Conn. 277, 281; *Blakeslee* v. *Board of Water Commissioners,* 106 Conn. 642, 649.

Furthermore, even if it were assumed that a bailment only (and not a sale) was clearly alleged, the demurrer still could not be sustained on this second ground. A bailor's liability to a third person under the circumstances of this case may be only in tort. 6 Am. Jur. 413, § 316. But it cannot be said that it lies "solely in negligence." For example, it could lie in reckless misconduct, if properly pleaded. *Mooney* v. *Wabrek,* 129 Conn. 302, 306. Indeed, contributory negligence would not be an efficacious defense to such a cause of action. Id., 308. Since this second ground of demurrer is legally incorrect in stating that such a liability "rests solely in negligence," it could not be sustained. See also *Russell* v. *Sessions Clock Co.,* 19 Conn. Sup. 425, 426.

It follows that this second ground of demurrer, as now drawn, is legally unsound for both of the foregoing reasons.

The demurrer (No. 20 in file) of the defendants Air Reduction Company, Inc., and New England Welding Supply, Inc., is sustained on ground one and overruled on ground two.