**Jane S. DUTTON, Representative of the Estate of Marshall Lawrence Dutton**

v.

**SIKORSKY AIRCRAFT, DIVISION OF UNITED AIRCRAFT CORPORATION.**

Civ. A. No. 7623.

United States District Court
D. Connecticut.

May 19, 1959.

Charles N. Segal, Gerald C. McLaughlin, Hartford, Conn., for plaintiff.

Frank E. Callahan, John D. Fassett, of Wiggin & Dana, New Haven, Conn., for defendant.

J. JOSEPH SMITH, Chief Judge.

This is an action in two counts brought by the representative of the estate of a marine killed in the crash in Georgia of a helicopter manufactured and sold by

defendant in Connecticut. The first count sounds in negligence, the second in breach of warranty. Defendant moves under Rule 12(b), F.R.Civ.P., 28 U.S. C.A., to dismiss the second count on two grounds, lack of privity essential under Connecticut law, and failure of the Georgia Wrongful Death Act to provide recovery for death caused by breach of warranty.

■ The first ground is well taken. Borucki v. MacKenzie Bros. Co., 1938, 125 Conn. 92, 3 A.2d 224; Tralli v. Triple X Stores, 1954, 19 Conn.Sup. 293, 112 A.2d 507; Hermanson v. Hermanson, 1954, 19 Conn.Sup. 479, 117 A.2d 840; Barrett v. Air Reduction Co., 1955, 19 Conn.Sup. 500, 118 A.2d 629.

■ The second ground is also well taken. The Georgia Wrongful Death Statute confines recovery to cases where the death is caused by crime or criminal or other negligence. Ga.Code § 105–1301.

The motion to dismiss the second count for failure to state a claim on which relief can be granted is granted. The second count is ordered dismissed.