James **KIMBRO** et al.

v.

**UNITED STATES RUBBER COMPANY.**

**Civ. No. 7177.**

United States District Court
D. Connecticut,
Civil Division.

Sept. 18, 1958.

David Goldstein, Goldstein & Peck, Bridgeport, Conn., for plaintiffs.

Daggett, Colby & Hooker, New Haven, Conn., for defendant.

ANDERSON, District Judge.

The plaintiff instituted this suit in the Connecticut State Court on March 6,

1958, to recover damages caused by the blowout of an allegedly defective automobile tire manufactured by the defendant. The defendant removed to this court on March 25, 1958.

The original complaint, as filed on March 6, 1958, alleged among other things, the purchase of the tire on May 10, 1956, the manufacture of the tire by the defendant, and the sale upon the representation that it was blowout-proof. The plaintiff also alleged the circumstances of the accident on March 9, 1957, that the accident was caused by the defective tire, and that the plaintiff suffered injuries as a result thereof. Whether the complaint rested on negligence or breach of warranty is unclear; but the plaintiff made the mistake of phrasing his plea in such a way that the acts or omissions complained of took place more than one year before suit was filed, even though the accident had occurred within the one year limit.

On July 8, 1958 the plaintiff moved for leave to file a substituted complaint. This complaint relies solely on the negligence aspects of the case. It sets out in greater detail the alleged negligence in manufacture of the tire; failure to inspect and test it; use of poor materials; lack of reasonable care and negligence *continuing to the date of the accident* in representing the tire to be blowout-proof, and in allowing it to be sold without indicating the danger inherent therein by label or otherwise.

The parties differ on whether the substituted pleading should be allowed. While on the principal point of allowing the complaint to be amended Rogers v. White Metal Rolling & Stamping Corp., 2 Cir., 1957, 249 F.2d 262 is controlling, as noted in the ruling made on this motion September 10, 1958, something further should be said on the question of the relation back of the amendment. The Rogers case is on all fours with the present case; and it might be thought that Rogers is an implicit determination that an amendment would be allowed to re-

late back. The defendant argues, however, that since Rogers never considered the precise question, it should be dealt with here.

The test of relation back is whether the claim asserted "arose out of the conduct, occurrence or transaction, set forth, or attempted to be set forth in the original pleading." Fed.Rule of Civil Procedure, 15(c), 28 U.S.C.A. The wording of this rule signified a departure from earlier practice under which relation back was determined by whether a new "cause of action" was stated, and "cause of action" was narrowly construed. Rule 15(c), on the other hand, is the culmination of the broad meaning of cause of action. See 3 Moore's Fed. Practice, Paragraph 15.15 (2d ed. 1948).

The defendant claims that the amendment in this case constituted a new cause of action. The complaint, as filed originally, referred only to negligence in manufacture and it was time-barred. Since the amended complaint, alleging continuing negligence was not barred, the defendant reasons that two different causes of action must have been stated. This contention limits too narrowly the concept of "cause of action", and it is inconsistent with the policy of free amendments under the Federal Rules.

The closest case in point is Blair v. Durham, 6 Cir., 1943, 134 F.2d 729. There the plaintiff was injured by a piece of wood falling from a scaffold. Her original complaint alleged that the scaffold was used negligently, and an amendment charging negligent manufacture of the scaffold was allowed to relate back. The court said:

"A multiplicity of grounds of negligence alleged as causing the same injury does not result in pyramiding as many causes of action as separate allegations of actual negligence * * *. As long as a plaintiff adheres to a legal duty breached or an injury originally declared on, an alteration of the modes in which defendant has breached the legal duty

or caused the injury is not an introduction of a new cause of action." 134 F.2d at page 731.

In the present case, as in the Blair case, there has been but one injury. The plaintiff has but one right to collect, whether that right be under a theory of negligence in manufacture, or in negligence in failing to warn.

■ Of course, if there were prejudice to the defendant, the court would be more reluctant to allow the amendment. The defendant claims that it had a vested right in the use of the Statute of Limitations as a defense, and that allowance of the amendment deprives it of this right. But prejudice must consist of more in this context; otherwise the doctrine of relation back would never apply. The Supreme Court has said: "There is no reason to apply a statute of limitations when * * * the respondent has had notice from the beginning that petitioner was trying to enforce a claim against it because of events leading up to the death of the deceased in respondent's yard." Tiller v. Atlantic Coastline R. Co., 1945, 323 U.S. 574, 581, 65 S.Ct. 421, 424, 89 L.Ed. 465.

■ In accordance with the notice-giving function allotted to the pleadings under the Federal Rules, the Second Circuit has adopted an extremely liberal position on amendments. In this Circuit the test is whether the original pleading "clearly gave defendant notice that he would be held for all acts of negligence." Clark, C. J., in Michelsen v. Penney, 2 Cir., 1943, 135 F.2d 409, 416. As to whether there is prejudice to the defendant by allowing the amendment, the test is whether the defendant was apprised of the facts by the original pleading, or could have reasonably ascertained them. Kelcey v. Tankers Co., 2 Cir., 1954, 217 F.2d 541. In the instant case, the plaintiff's original complaint informed the defendant of the accident, of the plaintiff's injuries, and that the defendant was being charged with negligence and misrepresentation.

> "Rule 15(c) is based on the idea that a party who is notified of litigation concerning a given transaction or occurrence is entitled to no more protection from statutes of limitation that one who is informed of the precise legal description of the rights sought to be enforced." 3 Moore's Fed.Practice Paragraph 15.15, page 851.

The amendment should therefore be allowed; and thus the ruling of this court granting the plaintiff's motion on September 10, 1958 is reaffirmed.