Abe **BURNSTEIN**, Plaintiff-Appellant,

v.

**COLUMBIA BROADCASTING SYSTEM, INC.**, a corporation, et al., Defendants-Appellees.

No. 13250.

United States Court of Appeals
Seventh Circuit.

May 25, 1961.

Maxfield Weisbrod, Chicago, Ill., Mitchell L. Bacow, Pontiac, Mich., for plaintiff-appellant.

G. Gale Roberson, George L. Siegel, Henry J. Shames, Chicago, Ill., for defendants-appellees.

Before HASTINGS, Chief Judge, SCHNACKENBERG and CASTLE, Circuit Judges.

CASTLE, Circuit Judge.

The plaintiff-appellant instituted this action in the District Court alleging that he was libeled by the several corporate defendants. The complaint alleged that the plaintiff was a "resident" of the State of Michigan and that all of the defendants "are corporations organized and existing under the laws of the several States of the United States other than the State of Michigan, and each are doing business in the State of Illinois." Defendants' joint answer admitted these particular allegations. The District Court, on its own motion, dismissed the cause because of the failure of the plaintiff to allege that the principal places of business of the respective corporations were other than the State of Michigan as required by 28 U.S.C.A. § 1332 to establish jurisdictional diversity of citizenship in this case.

The District Court's order of dismissal was entered August 2, 1960. The pertinent Illinois period of limitation for commencing a suit for libel is one year next after the cause of action accrued.[1] The complaint averred that the alleged libels occurred on December 11, 1958 and July 9, 1959. On August 9, 1960 plaintiff filed a motion to vacate and set aside the order of dismissal and for leave to file an amendment to the complaint alleging the principal place of business of each of the corporate defendants and that plaintiff is a "citizen" and resident of Michigan. The proposed amendment was attached to the motion. The District Court denied plaintiff's motion on the ground that the action is barred by the statute of limitations. This appeal followed.

It is conceded that the "citizenship" of a corporation in so far as jurisdiction based on diversity is concerned is both that of the State of its incorporation and of the State where it has its principal place of business. 28 U.S.C.A. § 1332. And, defendants concede that 28 U.S.C.A. § 1653 authorizes the amendment of "defective" allegations of jurisdiction after expiration of the statutory period of limitations.

Thus there is no contention that the District Court erred in entering the August 2, 1960 order of dismissal. In order to properly make the allegation of diversity requisite in the instant case it was necessary to aver that the defendant corporations were neither incorporated by nor have their principal places of business in the State of which plaintiff is a citizen.

Plaintiff contends that the District Court erred in denying his motion to vacate the order of dismissal and for leave to file the amendment he tendered setting forth the principal place of business of each of the corporations in a State other than Michigan. Defendants contend that the complaint is wholly lacking in an allegation of jurisdiction resting on diversity—that this is not a case where such jurisdiction is merely defectively alleged and may be cured by amendment even after the statute of limitations has expired.

In our opinion the complaint attempted to allege facts establishing diversity jurisdiction. The allegation that plaintiff was a "resident" of Michigan coupled with the averment that all of the defendants are corporations "organized * * * under the laws of * * * States other than the State of Michigan" and doing business in Illinois, constitutes an attempt, albeit a defective one, to assert a basis for diversity jurisdiction. 28 U.S.C.A. § 1653 provides that:

"Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."

1. Ill.Rev.Stat.1959, Ch. 83, par. 14.

**10**

And, Rule 15(c) of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides:

"Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading."

The "defective" allegation here made was subject to amendment. Stern v. Beer, 6 Cir., 200 F.2d 794, 795; Van Sant v. American Express Co., 3 Cir., 169 F.2d 355, 371; Keene Lumber Co. v. Leventhal, 1 Cir., 165 F.2d 815, 818. And, under the provisions of Rule 15(c) the amendment relates back to the time of filing the original complaint. This being so we perceive no reason in the instant case for the statutory limitation period being considered as a bar to permitting the amendment.

In Mitchell v. White Consolidated, Inc., 7 Cir., 177 F.2d 500, 502, we had occasion to observe:

"The Rules of Civil Procedure reflect a well considered policy to simplify the assertion and trial of civil rights; they discourage technicality and form and seek to bring about determination of the rights of litigants upon the merits and, to that end, are to be liberally construed."

A proper construction and application of § 1653 and Rule 15(c) as they relate to the instant case considered in the light of the underlying policy recognized in Mitchell leads us to the conclusion that the District Court erred in denying the motion to vacate the dismissal and for leave to file the amendment tendered.

In this connection we find no merit in defendants' contention that the use of the expression "has its principal place of business" in the allegation sought to be substituted for the language originally used in the complaint rendered the proposed amendment insufficient. Under Rule 15(c), and in the context in which it appears, the allegation relates back and speaks as of the time of the filing of the complaint.

The judgment order of the District Court is reversed and the cause remanded with directions to allow plaintiff's motion to vacate the August 2, 1960 order of dismissal and for leave to file the amendment tendered.

Reversed and remanded with directions.