DERWOOD A. BRIGGS *v.* WILLIAM S. MERRELL ET AL.

SUPERIOR COURT        HARTFORD COUNTY        FILE No. 138550

Memorandum filed December 20, 1966

*Alan M. Solomon,* of Meriden, and *Trager, Kleban & Trager,* of Bridgeport, for the plaintiff.

*Regnier, Moller & Taylor,* of Hartford, for the defendants.

TEDESCO, J. The type of case outlined in the complaint proliferates and the judicial decisions multiply because of the complexity of research that is being done on drugs similar to the one described. The law to be applied requires subtle distinctions and necessitates more perfect refinements. However, the quantity of cases in this field poses questions which are basic to the judiciary's notions of justice and begs for answers that must be found.

The plaintiff suffered a heart attack on November 12, 1960, and shortly thereafter the drug Mer/29 (Triparanol) was prescribed for him extending over a period of seven months after the initial illness. As a consequence of taking said drug, the plaintiff claims he suffered many ill effects from the drug and now attempts to hold the manufacturer responsible. The present action was commenced on June 15, 1964, and the plaintiff now seeks to file a substituted complaint.

The plaintiff sets forth in his brief that the original complaint claims a breach of warranty by the defendant manufacturer, hereinafter called the defendant, and the plaintiff also claims that said complaint contains allegations setting forth a cause of action sounding in fraud. The plaintiff and the defendant claim that the substituted complaint separates the original complaint in three counts sounding in (1) breach of warranty, (2) negligence, and (3) fraud. The defendant contends that the plaintiff seeks to file a substituted complaint some five or six years after the cause of action arose and

that the Statute of Limitations of three years applies, and therefore negligence and fraud cannot now be alleged.

It is a curious fact that both the plaintiff and the defendant cite *Gallo* v. *G. Fox & Co.*, 148 Conn. 327, as ruling in their respective cases. The *Gallo* case is similar to the instant case in many details and especially in that the Connecticut Supreme Court allows an amendment to a complaint if it is based on a "single group of facts." Id., 330.

The substituted complaint states the same single group of facts as was alleged in the original complaint, i.e., that the plaintiff was ill, that Mer/29 was prescribed and that he ingested it for a period of seven months and suffered the claimed injuries from said drug. The plaintiff did not change the facts but amplified or expanded what had already been alleged in support of his cause of action. Ibid. "A change in, or an addition to, a ground of negligence or an act of negligence arising out of the single group of facts which was originally claimed to have brought about the unlawful injury to the plaintiff does not change the cause of action. *Johnson* v. *Wheeler*, 108 Conn. 484, 488 . . . ; *Galvin* v. *Birch*, 97 Conn. 399, 401 . . . ; *O'Brien* v. *M & P Theatres Corporation*, 72 R.I. 289, 296 . . . ." Ibid.

In *Gallo*, our Supreme Court said that the case was barred by the Statute of Limitations (General Statutes § 52-584), but the court did not base its result on the Statute of Limitations but on General Statutes § 52-292, "Accidental Failure of Suit; Allowance of New Action." *Gallo* v. *G. Fox & Co.*, supra, 329. Therefore, the question whether the Statute of Limitations could be applied in the instant case was not answered in the *Gallo* case.

The fact that process is amended after the Statute of Limitations barred the action does not pre-

vail, for it is the original service that determines the applicability of the statute. *Norman Dairy, Inc.* v. *International Brotherhood,* 17 Conn. Sup. 406, 409. The *Norman Dairy* case contains ample authority to conclude that the Statute of Limitations will not bar the substituted complaint required in this case.

The court applauds the changes in the draconian procedures of our courts. For a number of years, the courts of Connecticut have become much more liberal in the matter of amendments to pleadings. The parties should be able to present their cases with little resistance. A most recent ruling by our Supreme Court is contained in *State ex rel. Scala* v. *Airport Commission,* 154 Conn. 168, 178, in which the court said that the purpose of the statute (§ 52-130) allowing amendment of pleadings is to accomplish justice. " 'In exercising its discretion . . . , a court should ordinarily be guided by its determination of the question whether the greater injustice will be done to the mover by denying him his day in court . . . or to his adversary by granting the motion, with the resultant delay.' " Ibid. (quoting from *Cook* v. *Lawlor,* 139 Conn. 68, 72).

Motion granted.