Polly NAVE, Admx. of the Estate of Aubrey Earl Nave, Deceased, Plaintiff,

v.

John D. RYAN, M. Joseph Mancinelli and Angelo Mastrangelo, Jr., Defendants.

Civ. No. 11050.

United States District Court D. Connecticut.

March 28, 1967.

Charles Townsend, Jr., Stamford, Conn., for plaintiff.

Kevin J. Maher, Bridgeport, Conn., (Adrian W. Maher, Bridgeport, Conn., on the brief), for defendant Mastrangelo.

TIMBERS, Chief Judge.

## QUESTION PRESENTED

The essential question presented by defendant Mastrangelo's motion to dismiss, in this diversity action for wrongful death allegedly caused by malpractice, is whether an additional party defendant may be cited in by amendment to a complaint when institution of a separate action against that person would be barred by the applicable statute of limitations.

The instant motion is in the nature of a motion for judgment on the pleadings, pursuant to Rule 12(c), Fed.R. Civ.P.; and matters outside the pleadings having been presented to and not excluded by the Court, the motion has been treated as one for summary judgment, pursuant to Rule 56, Fed.R.Civ.P.[1]

The Court holds that as a matter of law a new cause of action was stated as of the date of the filing of the amendment in question, and since that amendment was not made within the relevant limitations period, the action as against defendant Mastrangelo is barred by statute. There being no genuine issue as to any material fact and defendant Mastrangelo being entitled to judgment as a matter of law, the instant motion is granted.

## FACTS

The material facts necessary to a determination of defendant Mastrangelo's motion are not in dispute.

Plaintiff is a Tennessee citizen, and all three defendants are Connecticut citizens. The amount in controversy exceeds $10,000, exclusive of interest and costs.

On August 8, 1964, an operation was performed at the Stamford Hospital upon plaintiff's decedent, Aubrey Earl Nave, for the purpose of removing a bullet from his left thigh. Defendant

---

1. See Rule 12(c) Fed.R.Civ.P.

John D. Ryan was the surgeon, and general anesthesia was administered by defendant M. Joseph Mancinelli. Plaintiff alleges that defendant Angelo Mastrangelo, Jr., as a partner of defendant Mancinelli and as a member of the hospital's anesthesiology staff, prepared decedent for the administration of anesthesia and conducted a preanesthetic examination prior to surgery. All three defendants are practicing physicians.

Shortly after the operation, decedent sustained a cardiac arrest; fifteen days after the operation, Mr. Nave died.

Plaintiff administratrix commenced a wrongful death action against defendants Ryan and Mancinelli by filing her original complaint on July 27, 1965.

On November 29, 1965, the deposition of defendant Mancinelli was taken, and plaintiff gathered from that deposition that Dr. Mastrangelo had conducted the preanesthetic examination of the decedent.

On February 21, 1966, plaintiff's motion to amend her complaint by adding Dr. Mastrangelo as a party defendant was granted, absent objection; Dr. Mastrangelo was accordingly named as an additional party defendant by an amended complaint filed February 25, 1966.

On April 29, 1966, defendant Mastrangelo filed his answer to the amended complaint, interposing the defense of statute of limitations.

## CLAIMS OF THE PARTIES

Defendant Mastrangelo contends that the action against him was brought as of the date of amendment, and that such action is therefore barred by operation of Connecticut's one-year statute of limitations with respect to malpractice.

On the other hand, it is plaintiff's contention that the amendment related back to the date of the original complaint as a matter of federal procedural law, and that since the filing of the original pleading was timely, addition of Dr. Mastrangelo as a party defendant is not barred by the statute of limitations.

## APPLICATION OF THE STATUTE OF LIMITATIONS

█ The relevant limitations period under Connecticut law is one year.[2] And if an amendment to a complaint states a new and distinct cause of action and is made after the year has run, the timeliness of the original complaint is immaterial, for such an amendment speaks as of the date of its own filing, and the new cause of action thereby raised is barred by the statute of limitations.[3] Amending the complaint to bring in an additional party defendant after the year has run is also an attempt to institute an untimely action, and is similarly barred by the statute of limitations.[4]

█ In this diversity action, the Connecticut rule controls[5] and must be applied, for the Court may not keep alive a right which has lapsed under state law.[6] Accordingly, the amendment naming Dr. Mastrangelo as an additional party defendant having been filed after the one year period had run, the action as against that defendant is barred by the statute of limitations.

## CONCLUSION

Defendant Mastrangelo's motion to dismiss, treated as a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., is granted, there being no genuine issue as to any material fact and defendant being entitled to judgment as a matter of law.

2. See Conn.Gen.Stat. § 52–584 (1958) (personal injury caused by malpractice); Conn.Gen.Stat. § 52–555 (1958) (wrongful death).

3. See Gallo v. G. Fox & Co., 148 Conn. 327, 330, 170 A.2d 724, 725–726 (1961); Kelsall v. Kelsall, 139 Conn. 163, 165, 90 A.2d 878, 879 (1952).

4. See McEvoy, Admr. v. The City of Waterbury, et al., 92 Conn. 664, 666, 104 A. 164, 165 (1918).

5. See Guaranty Trust Co. of New York v. York, 326 U.S. 99 (1945).

6. Tarbert v. Ingraham Co., 190 F.Supp. 402, 404–405 (D.Conn.1960); cf. Ragan v. Merchant's Transfer & Warehouse Co., 337 U.S. 530 (1949).