**Betty S. ZAGURSKI, Executrix of the Estate of Arthur W. Zagurski, Deceased**

v.

**The AMERICAN TOBACCO COMPANY.**

**Civ. No. 9988.**

United States District Court
D. Connecticut.

May 18, 1967.

---

3. Griffin v. Illinois, 351 U.S. 12, 24 (1956) (concurring opinion by Mr. Justice Frankfurter).

Emil A. Petke, Terryville, Conn., George Muir, and Peter C. Schwartz, of Gordon, Muir & Fitzgerald, Hartford, Conn., for plaintiff.

Ralph C. Dixon, John Crosskey, Richard M. Reynolds, of Day, Berry & Howard, Hartford, Conn., for defendant.

## RULING ON MOTION FOR PARTIAL SUMMARY JUDGMENT

BLUMENFELD, District Judge.

On August 13, 1963, Arthur W. Zagurski, a Connecticut resident, brought this action in the state court against The American Tobacco Company, a nonresident, to recover damages for personal injuries he allegedly sustained from smoking Pall Mall cigarettes manufactured and sold by the defendant. He alleged that "the cigarettes contained harmful ingredients, which were dangerous for human consumption and deleterious to the public health," and that the defendant by its advertising expressly and impliedly warranted that they were suitable and fit for personal use.

The case was removed to this court on the ground of diversity of citizenship under 28 U.S.C. § 1441 (1964 ed.), and after the plaintiff died his executrix was substituted as party plaintiff. An answer setting up several defenses, including assumption of risk and contributory negligence, was promptly filed. In regular course, there was a pre-trial conference, which was concerned mainly with setting up time limitations and a schedule for discovery.

Thereafter, there was a change of counsel for the defendant. Apparently, it occurred to new counsel that the indiscriminate inclusion in one paragraph of the charges of breach of express warranty and implied warranty ought to be corrected in the interest of clarity at trial by having them set out in separate paragraphs of the complaint. Although mildly contending this was not necessary, the plaintiff drafted a substituted complaint to accomplish that. At the same time, plaintiff also inserted the following paragraphs:

"11. The defendant knew or should have known that Pall Mall cigarettes were inherently dangerous. * * *

"12. The defendant did not warn the public in general and Arthur W. Zagurski in particular of the danger of physical harm inherent in the consumption of Pall Mall cigarettes."

The substituted complaint was filed on December 19, 1966. The defendant has now moved for summary judgment on paragraphs 11 and 12, arguing that these state a new cause of action barred by Connecticut's one year statute of limitations for negligence actions, Conn.Gen. Stats. § 52–584 (1958 Rev.), and its three year statute of limitations for other torts, Conn.Gen.Stats. § 52–577 (1958 Rev.). The plaintiff, on the other hand, urges that the additional allegations do not state a new cause of action, arguing that the new allegations merely give more content to the warranties originally pleaded or is a variant of them; and also that the substituted complaint relates back to the original one.

Under Rule 15(c), Fed.R.Civ.P., an amendment relates back to the original complaint if the claim asserted in the

amended pleading "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading * * *."

■ Relation back is intimately connected with the statute of limitations. And federal courts do adhere to the old procedural distinctions between causes of action formulated by a state's court within the legal context of its statutes of limitations for the purpose of determining whether a particular statute of limitations is applicable. Cf. Ricciuti v. Voltarc Tubes, Inc., 277 F.2d 809, 813 (2d Cir. 1960).

■ While a claim entitling a plaintiff to relief can be labeled as one kind of cause of action or another, conceptually, there are two separate questions. The first is whether a claim which shows that the plaintiff is entitled to relief is stated. It is that "whence the cause of action springs." Wildman v. Wildman, 70 Conn. 700, 708, 41 A. 1, 2 (1898). The second is what characterization courts give to the legal rights which arise from the facts alleged. Veits v. City of Hartford, 134 Conn. 428, 434, 58 A.2d 389, 392 (1948). See also Pavelka v. St. Albert Society, 82 Conn. 146, 147, 72 A. 725 (1909). As Chief Justice Maltbie pointed out in *Veits*, the rights of a plaintiff enforceable in law are substantive, while "causes of action" are procedural. It follows, as is recognized, see 3 J. Moore, Federal Practice ¶ 15.15 [2], at 1016–1021 (2d ed. 1966), that the doctrine of relation back of amend-

ments is a matter of pleading. Michelsen v. Penney, 135 F.2d 409, 416–417, particularly n. 4 (2d Cir. 1943). This opinion, by Judge Clark, was relied upon in Kimbro v. United States Rubber Co., 22 F.R.D. 309 (D.Conn.1958) and Borup v. National Airlines, Inc., 117 F.Supp. 475 (S.D.N.Y.1954), to permit amendments to relate back under Rule 15(c). Rule 15 applies "to civil actions removed to the United States district courts from the state courts and govern procedure after removal." Rule 81(c), Fed.R.Civ.P.

■■ Thus, when it comes to relating an amendment back to the original complaint under Rule 15(c), the test is not whether the amendment states a new cause of action. The theoretical inquiry whether the amendment falls within the original "cause of action" framework has been largely abandoned.[1] Instead, the question is whether the defendant ought to have known from the original complaint the facts which the plaintiff is now adding. Whether to permit an amendment is not decided by mechanically measuring it against a statute of limitations. Once a complaint has been served, the policy behind the statute of limitations has been satisfied so long as the different theories introduced by the amendment fuse together within the "conduct, transaction, or occurrence" set forth in the complaint. The result is a complete test of the plaintiff's right to recover for a single injury resulting from the defendant's conduct. Even before the new rules were adopted in 1938, Mr.

---

1. Although the defendant relies on Handler v. Remington Arms Co., 144 Conn. 316, 130 A.2d 793 (1957), for the proposition that a seller's duty to warn that its product is dangerous to use is an element in a cause of action sounding in negligence rather than breach of warranty, closer analysis reveals that in *Handler* the court decided only that the continuing duty to warn delayed commencement of the running of the statute of limitations until an injury occurred. The question of relation back was not in issue. Nor is Tarbert v. Ingraham Co., 190 F.Supp. 402 (D.Conn.1960), in point. The decision

there to deny permission to file the amendment rested solely on the expressed ground of discretion with respect to hardship on the defendant or laches on the part of the plaintiff. Having denied permission to file the amendment under Rule 15(a) the suggestion that a new cause of action was being introduced which the state court would not have allowed to relate back to escape the bar of the statute, merely emphasized prejudice to the defendant. Since the amendment had not been allowed, there was no occasion to consider whether it would relate back.

Justice Holmes said in New York Central & Hudson River R. R. Co. v. Kinney, 260 U.S. 340, 346, 43 S.Ct. 122, 123, 67 L.Ed. 294 (1922):

> "Of course an argument can be made on the other side, but when a defendant has had notice from the beginning that the plaintiff sets up and is trying to enforce a claim against it because of specified conduct, the reasons for the statute of limitations do not exist, and we are of opinion that a liberal rule should be applied."

See also United States v. Memphis Cotton Oil Co., 288 U.S. 62, 53 S.Ct. 278, 77 L.Ed. 619 (1933).

Connecticut has never had an inflexible rule that an amendment will not be allowed to relate back if the effect is to escape the bar of the statute. On the contrary, in Reilly v. Antonio Pepe Co., 108 Conn. 436, 143 A. 568 (1928), the Supreme Court held that it was not an abuse of discretion by the trial court to permit the plaintiff to substitute for her complaint based upon Connecticut's "wrongful death" statute another based on New York's; and, despite the built-in statute of limitations, the new complaint related back to the commencement of the action. The court said, at 445, 143 A. at 571: "When the substitution was made, the complaint related back to the beginning of the action, and thus did not violate the statutory limitation." A recent case squarely in point is Briggs v. Merrell, 27 Conn.Sup. 60, 229 A.2d 550. Cf. Rogers v. White Metal Rolling & Stamping Co., 249 F.2d 262 (2d Cir. 1957).

██ Considered in this view, it is clear that the allegations in paragraphs 11 and 12 "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading. * * *" The claim on which the plaintiff relies is the same now as it was in the beginning. All that was then required was a "short and plain statement of the claim showing that the pleader is entitled to relief." Conley v. Gibson, 355 U.S. 41, 45–48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957). Rule 8(a) (2), Fed.R.Civ.P. The substituted complaint has merely introduced further clarification of the original claim.

In Tiller v. Atlantic Coast Line R. R. Co., 323 U.S. 574, 581, 65 S.Ct. 421, 424, 89 L.Ed. 465 (1945), Mr. Justice Black stated:

> "The cause of action now, as it was in the beginning, is the same—it is a suit to recover damages for the alleged wrongful death of the deceased. 'The effect of the amendment here was to facilitate a fair trial of the existing issues between plaintiff and defendant.' Maty v. Grasselli [Chemical] Co., 303 U.S. 197, 201 [58 S.Ct. 507, 82 L.Ed. 745]. There is no reason to apply a statute of limitations when, as here, the respondent has had notice from the beginning that petitioner was trying to enforce a claim against it because of the events leading up to the death of the deceased in the respondent's yard. * * *"

It appears from an inspection of the allegations of the substituted complaint that the object of all of them is the recovery of damages for the wrongful acts of the defendant in manufacturing and marketing cigarettes harmful to the plaintiff and which acts of the defendant were contrary to its duty, either in respect to its express or implied obligation as a seller, or in respect to the obligation which the law imposed upon it as a manufacturer of cigarettes. Even under Connecticut's law of more than one hundred years ago, the amendments now attacked would have been allowed. E. g., Beers v. Woodruff & Beach Iron Works, 30 Conn. 308, 309 (1862).

The defendant has had notice from the beginning that the plaintiff is trying to enforce a claim for damages sustained from smoking the cigarettes it manufactured and marketed. It is not unreasonable to require it to anticipate all theories of recovery and prepare its defense accordingly. In fact, it pleaded

444

contributory negligence and assumption of risk in its original answer. Furthermore, at the same time the "substituted complaint" was filed, the defendant filed its answer to it, as well as a new set of interrogatories addressed to its allegations.

The motion for partial summary judgment is denied.