FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION
OF MADISON *v.* GEORGE DEANE

SUPERIOR COURT        MIDDLESEX COUNTY        FILE NO. 18307

Memorandum filed February 14, 1972

*Daggett, Colby & Hooker,* of New Haven, for the plaintiff.

*Cotter, Cotter & Sohon,* of Bridgeport, and *Lynch & Traub,* of New Haven, for the defendant.

NARUK, J. The defendant has filed a motion for summary judgment in the instant title malpractice case based on the Statute of Limitations. In essence, he admits the facts pleaded by the plaintiff, states that only a question of law exists, i.e. the application of the Statute of Limitations to the facts, and asks that the question of law be resolved in his favor.

As has recently been pointed out by our Supreme Court, "[s]ummary judgment should be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Practice Book § 303; *Rathkopf* v. *Pearson,* 148 Conn. 260, 263 . . . ." *Anderson* v. *Watson,* 162 Conn. 245.

The defendant's position as to the applicability of the Statute of Limitations is that § 52-576 of the General Statutes, the six-year Statute of Limitations for contract actions was not tolled during the interim between the filing of the original complaint by the plaintiff on June 21, 1967, and the filing of a subsequent complaint, denominated a "Substitute Complaint," on July 6, 1970. The defendant treats the addition, in the latter pleading, of two counts sounding in contract as the creation of new and separate causes of action distinct from the two counts sounding in negligence which were initially pleaded in the original complaint. It is important to note that the difference is one in labeling, not one arising out of the allegation of different facts. The factual situation being the same under all four counts, the allegations of breach of contract do not create a new cause of action. *Briggs* v. *Merrell,* 27 Conn. Sup. 60, 62.

The motion for summary judgment is denied.