**APPLIED DATA PROCESSING, INCORPORATED**

v.

**BURROUGHS CORPORATION.**

Civ. A. No. 14156.

United States District Court, D. Connecticut.

Jan. 8, 1973.

**150**

William J. Egan, New Haven, Conn., for plaintiff.

Robert K. Ciulla, New Haven, Conn., for defendant.

## RULING ON MOTION TO AMEND

NEWMAN, District Judge.

This is a motion by plaintiff Applied Data Processing (ADP) to amend its complaint, which now contains one count alleging that defendant Burroughs Corporation (Burroughs) breached an express warranty given when Burroughs leased certain data processing equipment to ADP. The amendment would add two counts, one charging breach of an implied warranty on the equipment, and one charging that defendant made misrepresentations as to the performance of the equipment.

Defendant opposes the motion, brought nineteen months after the filing of the complaint, as untimely, arguing that plaintiff is barred by laches. Defendant further argues that if the motion to amend is granted, the new counts should not relate back to the date of the original complaint, but should take effect only from the date the motion to amend is granted. This would apparently permit defendant to interpose a statute of limitations defense, at least to the misrepresentation count.[1]

Fed.R.Civ.P. 15(a) provides that leave to amend pleadings is to be "freely given when justice so requires." In this Circuit, this phrase has been interpreted to allow amendments except upon a showing of bad faith or that substantial prejudice to a party would result. Rogers v. Valentine, 426 F.2d 1361 (2d Cir. 1970); Strauss v. Douglas Aircraft Co., 404 F.2d 1152 (2d Cir. 1968); Middle Atlantic Utilities Co. v. S.M.W. Development Corp., 392 F.2d 380 (2d Cir. 1968); see 3 Moore's Federal Practice ¶ 15.08[2]. The proposed amendment, which seeks to augment the theories upon which plaintiff's original claim is based, comes within the purview of these principles. Middle Atlantic Utilities Co. v. S.M.W. Development Corp., supra; Bradford v. New York Times Co., 13 F. R.Serv.2d 15a.3 Case 4 (S.D.N.Y.1969); 3 Moore's Federal Practice ¶ 15.08[3] n. 5.

In the instant case, the sole ground advanced for defendant's opposition to the motion is that plaintiff had delayed nineteen months in filing it. While delay is certainly a factor to consider in permitting amendment, the mere fact that an amendment is offered late in the case is not enough to bar it if the other party is not prejudiced. United States for the Use and Benefit of D'Agostino Excavators, Inc. v. Hey-ward-Robinson Co., 430 F.2d 1077 (2d Cir. 1970), cert. denied, 400 U.S. 1021, 91 S.Ct. 582, 27 L.Ed.2d 632 (1971); Middle Atlantic Utilities Co. v. S.M.W. Development Corp., supra; Farkas v. Texas Instruments, Inc., 429 F.2d 849 (1st Cir. 1970), cert. denied, 401 U.S. 974, 91 S.Ct. 1193, 28 L.Ed.2d 324, reh'g denied, 402 U.S. 990, 91 S.Ct. 1193, 28 L.Ed.2d 156 (1971); 3 Moore's Federal Practice ¶ 15.08[4], especially n. 10.[2]

---

1. Conn.Gen.Stats. § 52–577 (1958) provides, "No action founded upon a tort shall be brought but within three years from the date of the act or omission complained of."

2. Defendant cites three cases for the proposition that delay, in and of itself, is a sufficient ground for denying a motion to amend, Stiegele v. J. M. Moore Import-Export Co., 312 F.2d 588 (2d Cir. 1963);

Defendant cites no prejudice that would result if the amendment is allowed, simply pointing out the inevitable result that defendant would have to defend additional charges. The amendment is therefore allowed.

■ On the question of whether the amendment should relate back to the date of filing of the complaint, Fed.R.Civ.P. 15(c) provides in part:

> *Relation Back of Amendments.* Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.

Here there can be no question that plaintiff's proposed implied warranty claim arose from the identical transaction which formed the basis of the original express warranty claim set forth in the unamended complaint. The same is true for plaintiff's misrepresentation claim. That it is based on statements made prior to the signing of the lease[3] is irrelevant, for plainly the transaction to which these statements relate is the same as that which formed the basis of the original claim. Thus plaintiff's amendment falls readily within the scope of Rule 15(c).

Nevertheless, defendant asserts the amendment should not relate back because this would permit the addition of a claim barred by the state statute of limitations. The transaction occurred more than three years before plaintiff sought to add the misrepresentation count. The Second Circuit has indicated that it is entirely proper to consider the statute of limitations on a motion to amend, Middle Atlantic Utilities Co. v. S.M.W. Development Corp., *supra.* If the proposed amendment adding the misrepresentation count does not relate back, it is time-barred; hence whether this amendment should be allowed ultimately turns on defendant's claim that it should not relate back.

Surprisingly, the narrow issue presented by this contention has produced conflicting rulings within this district. *Compare* Zagurski v. American Tobacco Co., 44 F.R.D. 440 (D.Conn. 1967), and Kimbro v. United States Rubber Co., 22 F.R.D. 309 (D.Conn. 1958) (allowing amendment), *with* Tarbert v. Ingraham Co., 190 F.Supp. 402 (D.Conn.1960), and Nave v. Ryan, 266 F.Supp. 405 (D.Conn.1967) (denying amendment). The results of these cases can be harmonized since in *Nave* and *Tarbert*, the amendment sought to add a claim against a new party who did not receive notice from the original complaint of the transaction from which the new claim arose. That was not true of the defendants in *Zagurski* and *Kimbro*, where the new claim was added against the original defendants. But these cases are in conflict not only in their result, but also in their premise as to whether state law or Rule 15(c) is to control the issue of relation back. *Tarbert* relied on state law for the proposition that an amendment stating a new cause of action does not relate back and also for a

---

Wheeler v. West India S. S. Co., 205 F.2d 354 (2d Cir. 1963) ; and Perez v. Chutick and Sudakoff, 50 F.R.D. 1 (S.D. N.Y. 1970). In *Stiegele* and *Perez*, however, there was a clear finding that prejudice would result to defendant if plaintiff were permitted to amend. In *Wheeler* the Court of Appeals held that the District Court's denial, on the ground of laches, of a motion to amend made after three years was not an abuse of discretion, indicating that delay can, but need not, defeat amendment. However the opinion—two paragraphs in length—contains no discussion of the District Court's reason for denial of the motion to amend, making it impossible to know if it was solely the fact of delay or also the risk of additional prejudice.

3. The alleged statements were made prior to December 16, 1968 while the lease agreement was signed on February 24, 1969. Count III, Plaintiff's Proposed Amendments.

determination that the new claim there added did state a new cause of action. *Nave* relied on state law at least for the first proposition. *Zagurski* is premised upon Rule 15(c)'s test of whether the new claim arose out of the same transaction as the claim in the original complaint. *Kimbro* similarly relied on Rule 15(c).

The narrow issue is thus seen to be part of the larger and troublesome question of how far the Federal Rules of Civil Procedure are to vary the outcome of a diversity case from the result that would have been reached in the state courts. On the one hand, we are told that a district court's diversity jurisdiction must not be used to keep alive a right which has lapsed under state law. Guaranty Trust Co. of New York v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L. Ed. 2079 (1945). If Connecticut would not allow this complaint to be amended by adding a misrepresentation claim, then the right to pursue such a claim has lapsed. On the other hand, we have more recently been told that the federal procedural rules are to apply even when they are in direct conflict with a result that would be reached under state law. Hanna v. Plumer, 380 U.S. 460, 472, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965). In *Hanna* the claim was timely if measured from the date of the abode service authorized by Rule 4(d)(1), but barred by the statute of limitations if service was required to be made in hand as required by state law. The claim was allowed.

While *Hanna* appears to assert the supremacy of the federal rules, *see* Wright, Law of Federal Courts, 2d ed. 245, the issue was left in some doubt by the Supreme Court's distinguishing rather than overruling of the Court's earlier decision in Ragan v. Merchants

Transfer & Warehouse Co., 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520 (1949). In *Ragan* the suit was timely if measured by the date of the complaint, but out of time if measured by the date when process was served. State law made the date of service critical for determining if a suit was commenced within the statute of limitations. The suit was held properly dismissed despite the provision of Rule 3 that an action is commenced by the filing of a complaint. While courts have divided on the continuing vitality of *Ragan* after *Hanna*, *see* Wright, Law of Federal Courts, 2d ed. 246 n. 38, n. 40, the Second Circuit has concluded that *Ragan* need no longer be followed and the federal rule as to the time of commencement of an action governs. Sylvestri v. Warner & Swasey Co., 398 F.2d 598 (2d Cir. 1968).

Here the issue is the timeliness of a claim rather than an entire action, but similar considerations support according supremacy to Rule 15(c).[4] *See* Meredith v. United Air Lines, 41 F.R.D. 34 (S.D. Cal.1966); Taylor v. Reading Co., Inc., 23 F.R.D. 186 (E.D.Pa.1958). Moreover, the Second Circuit has implicitly approved this approach in Middle Atlantic Utilities Co. v. S.M.W. Development Corp., *supra*. The District Court in that case had denied plaintiff's motion to amend on the ground, *inter alia*, that the amendments "are or may be time-barred." 64 Civ. 1654 (S.D.N.Y. Aug. 2, 1967). The Court of Appeals reversed stating:

> It is normally proper for the trial judge to consider the statute of limitations on a motion to amend. To delay until there is a later motion to dismiss because the claim is time-barred would be a wasteful formality [citations omitted]. Either the statute of

4. It is also possible that even under present Connecticut law the two additional counts of the proposed amendment would be deemed not to comprise new causes of action on the ground that they arise from the same group of facts as the original count. *See* Briggs v. Merrell, 27 Conn. Sup. 60, 229 A.2d 550 (1966); First Federal Savings and Loan Association of Madison v. Deane, 29 Conn.Sup. 505, 294 A.2d 84 (1972).

limitations does or does not bar the action. *Furthermore, even if the amended causes would be barred by the statute, they might relate back in time to the initial filing date. The trial judge made no finding that the amended complaint did not arise out of the "same conduct, transaction or occurrence" Fed.R.Civ.P. 15(c), as the First Complaint.* Since he did not mean his memorandum to be a binding determination on this point, his thought that the claim "may be time-barred" is insufficient to support a denial of the motion to amend. Middle Atlantic Utilities Co. v. S.M.W. Development Corp., *supra*, 392 F.2d at 385, 386. (footnotes omitted) (emphasis added).

Here the same transaction gives rise to the original and the new causes of action; therefore the amendment relates back to the filing of the complaint and is not barred by Connecticut's statute of limitations.

Accordingly, the motion to amend the complaint is granted.