Frosinia **DRAKATOS**, Administratrix of the Estate of Gerasimus Drakatos, Deceased

v.

**R. B. DENISON, INC.** and **Bendix-Skagit Corporation.**

**Civ. No. H78–601.**

United States District Court, D. Connecticut.

July 9, 1980.

Stephen C. Embry, O'Brien, Shafner, Bartinik, Stuart & Kelly, Groton, Conn., for plaintiff.

Sharon R. Burger, Day, Berry & Howard, Hartford, Conn., for defendant Bendix-Skagit Corp.

## RULING ON MOTION TO FILE AN AMENDED COMPLAINT

JOSÉ A. CABRANES, District Judge:

Plaintiff in this wrongful death action seeks permission to file a second amended complaint alleging jurisdiction under the

Death on High Seas by Wrongful Act statute ("the Act"), 46 U.S.C. § 761 *et seq.* Defendant Bendix-Skagit Corporation ("Skagit") opposes the motion on the grounds that (1) the relation-back doctrine of Fed.R.Civ.P. 15(c) does not apply when the original pleading was itself not timely filed; (2) plaintiff's rights in admiralty have been extinguished through lapse of time; and (3) the amendment would cause Skagit undue prejudice.

For the reasons set out below, permission to file the second amended complaint is granted.

### I.

This action involves the death on October 25, 1977 of United States serviceman Gerasimus Drakatos on the deck of the USS George C. Marshall, which at the time was docked at Rota, Spain. Plaintiff is administratrix of the decedent's estate. She alleges that Drakatos was killed when struck by planks dropped by a crane in operation on a neighboring vessel, the USS Canopus. The crane was manufactured by defendant Skagit.

In her original complaint, filed in this court on November 8, 1978, plaintiff predicated federal jurisdiction solely on diversity of citizenship. The complaint asserted claims against Skagit based on negligence, strict liability in tort and breach of warranty. In its answer, Skagit contended, *inter alia*, that the claims were time-barred under the applicable Connecticut statutes of limitation.[1]

On November 12, 1979, plaintiff filed her first amended complaint. The complaint reiterated the strict liability and breach of warranty claims against Skagit, but significantly narrowed the scope of the negligence count. Stricken from that count were allegations of defective design, manufacture, inspection and sale, leaving only the charge that Skagit failed to provide adequate warning about the crane's operational hazards.

Plaintiff now concedes that her initial claims based on strict liability and breach of warranty, as well as the deleted portions of the original negligence count, were all time-barred under Connecticut statutes of limitations.[2] She seeks to restate these claims in her proposed second amended complaint under the aegis of the Act. Thus the proposed amendment states admiralty claims based on strict liability, breach of warranty and negligence in design, manufacture, inspection and sale. It

---

1. Because federal jurisdiction over the original claims was founded upon diversity of citizenship, the limitations period for those claims were those that would have been applied by the courts of this state. *Klaxon Co. v. Stentor Electric Manufacturing Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). In suits with multistate aspects, Connecticut courts (including a federal court sitting in Connecticut) apply Connecticut statutes of limitations. *Ricciuti v. Voltarc Tubes, Inc.*, 277 F.2d 809, 810 (2d Cir. 1960); *Mizell v. Welch*, 245 F.Supp. 143, 144 (D.Conn.1965); *Thomas Iron Co. v. Ensign-Bickford Co.*, 131 Conn. 665, 668, 42 A.2d 145, 146 (1945).

2. At the time this action was commenced, the relevant statutes of limitations were Conn.Gen. Stat. § 42a–2–725(2) (breach of warranty: four years from date of delivery); Conn.Gen.Stat. § 52–555 (wrongful death: two years from date of injury and three years from wrongful act or omission); Conn.Gen.Stat. § 52–277a(a) (transferred to § 52–577a in 1977, and amended in 1979) (strict tort liability: three years from date of injury and three years from negligent act or omission); and Conn.Gen.Stat. § 52–584 (negligence: two years from date of injury and three years from negligent act or omission). The crane in question was sold and delivered by Skagit in August 1965, more than 13 years before the filing of this lawsuit. Plaintiff's original claims based on breach of warranty and strict tort liability were therefore time-barred. Insofar as they alleged negligent design, manufacture, inspection and sale of the crane, plaintiff's original claims in negligence and wrongful death were also time-barred; under Connecticut law, the statute of limitations on such claims begins to run on the date of the charged act of negligence (*i.e.*, the crane's design, manufacture, inspection or sale), rather than on the date of injury. *See Boains v. Lasar Manufacturing Co.*, 330 F.Supp. 1134, 1135–36 (D.Conn.1971); *Prokolkin v. General Motors Corp.*, 170 Conn. 289, 294–97, 365 A.2d 1180, 1182–86 (1976); *Vilcinskas v. Sears, Roebuck & Co.*, 144 Conn. 170, 127 A.2d 814 (1956).

also repeats the common law claim based on alleged failure to warn.[3]

Plaintiff acknowledges that the admiralty claims, if filed now as an original complaint, would be time-barred under the two-year statute of limitations of the Act, 46 U.S.C. § 763. The issue before the court is whether under Fed.R.Civ.P. 15(c) the claims may relate back to the date of plaintiff's initial complaint, in which case they would not be time-barred.[4]

## II.

Rule 15(c) provides in pertinent part:[5] Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.

There is no question that the admiralty claims advanced in plaintiff's second amended complaint "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Like the original claims, the new counts seek damages for the death of Gerasimus Drakatos aboard the USS George C. Marshall, allege that his death resulted from the defective functioning of a Navy crane and charge Skagit with liability as the crane's designer, manufacturer and distributor. The old claims and the new assert the same legal theories: negligence, breach of warranty and strict tort liability. Indeed, the language of the old claims and the new is virtually identical; the only sig-nificant distinction is that the claims are now grounded in admiralty, rather than in the common law.

Skagit contends that the proposed amendment cannot relate back to the date of the original complaint because the original complaint itself lacked legal substance. Skagit points out that plaintiff's original claims against Skagit were entirely time-barred under Connecticut law except for the negligence claim based on a continuing duty to warn, a claim which Skagit asserts is "specious" and "no more than colorable." Defendant's Memorandum of Law at 6, 8. Skagit argues that the original complaint was effectively null and void *ab initio* and is therefore insufficient for the purpose of relating back; at most, Skagit suggests, the amended pleadings should be permitted to relate back only insofar as they assert claims based on a continuing duty to warn.

This argument fundamentally misconceives the liberal purpose and operation of Rule 15(c). To satisfy the requirements of the relation-back rule, an amendment need only spring from the same core event or transaction as that set out in the original complaint. There is no need for the original complaint to have made out a colorable or valid cause of action. Thus amendment under Rule 15(c) is freely granted to cure a defective statement of jurisdiction or to replace an inadequate legal theory. For example, in *Tankrederiet Gefion A/S v. United States*, 241 F.Supp. 83 (E.D.Mich.1964), plaintiff's original complaint under the Federal Tort Claims Act

---

**3.** Connecticut courts have held that an alleged failure to warn of a product's potential dangers is an "act or omission" which continues to the time of injury; the statute of limitations on the claim therefore begins to run on the date of injury, rather than on the date of the product's sale. *Prokolkin v. General Motors Corp., supra,* 170 Conn. at 298, 365 A.2d at 1185; *Handler v. Remington Arms Co.,* 144 Conn. 316, 321, 130 A.2d 793, 795 (1957). Because the injury asserted in this case occurred within three years of the bringing of the lawsuit, plaintiff's claim based on a continuing duty to warn is not time-barred under Conn.Gen.Stat. § 52–584 (negligence) or Conn.Gen.Stat. § 52–555 (wrongful death). *See also Boains v. Lasar Manufacturing Co., supra,* 330 F.Supp. at 1136.

**4.** In contrast to the Connecticut limitations statutes for wrongful death and negligence, *see* note 2, *supra,* the Act's statute of limitations does not begin to run until the date of the alleged injury. *Abbott v. United States,* 207 F.Supp. 468, 471–2 (S.D.N.Y.1962); *Williams v. Moran, Proctor, Mueser & Rutledge,* 205 F.Supp. 208, 216–18 (S.D.N.Y.1962).

**5.** Fed.R.Civ.P. 9(h) expressly provides that the principles of Rule 15 govern the amendment of a pleading to add (or withdraw) a statement identifying a claim as one in admiralty.

was dismissed for failure to state a claim. Plaintiff was allowed to amend its complaint to allege jurisdiction under the Suits in Admiralty Act and to have the amended pleading relate back to the date of the original complaint. *See also Goss v. Revlon,* 548 F.2d 405, 407 (2d Cir. 1976), *cert. denied,* 434 U.S. 968, 98 S.Ct. 514, 54 L.Ed.2d 456 (1977) (change of jurisdictional basis, under Rule 15(c), from Title VII to 42 U.S.C. § 1981) (dictum); *Burnstein v. Columbia Broadcasting System, Inc.,* 291 F.2d 8 (7th Cir. 1961) (permitting amendment curing defective allegation of diversity jurisdiction, made after running of statute of limitations, to relate back to filing of complaint); *MacGowan v. Barber,* 127 F.2d 458, 459–60 (2d Cir. 1942) (amendment curing defective personal jurisdiction). *See generally* 3 *Moore's Federal Practice* ¶ 15.15[3] (2d ed. 1979); 6 C. Wright and A. Miller, *Federal Practice and Procedure* § 1497 (1971). Plaintiff is not precluded from relating her amended pleading back to her initial complaint because ,her original claims were time-barred or allegedly insubstantial. *Cf. Marbury Management, Inc. v. Kohn,* 629 F.2d 705 at 712, (2d Cir. 1980) ("Generally a complaint that gives full notice of the circumstances giving rise to the plaintiff's claim for relief need not also correctly plead the legal theory or theories and statutory basis supporting the claims"); *New York State Waterways Association v. Diamond,* 469 F.2d 419, 421 (2d Cir. 1972).

Skagit next argues that plaintiff's amended admiralty claims cannot relate back because the statute of limitations of the Act is "substantive," rather than "procedural," in nature. Skagit asserts that the running of the Act's two-year limitations period serves not merely to time-bar, but actually to extinguish, the plaintiff's cause of action. Once extinguished, Skagit argues, the cause of action cannot be revived through invocation of the relation-back doctrine.

In support of the contention that the plaintiff's cause of action under the Act is no longer viable, Skagit relies on dictum in *In re Agwi Navigation Co.,* 89 F.2d 11, 12 (2d Cir. 1937), in which the court declared that the limitations period of the Act "is not merely a limitation of the remedy, but is a condition upon the right itself." *See also Batkiewicz v. Seas Shipping Co.,* 54 F.Supp. 789 (S.D.N.Y.1944). The vitality of the *Agwi* dictum is doubtful, however. The dictum was based on language in *The Harrisburg,* 119 U.S. 199, 214, 7 S.Ct. 140, 147, 30 L.Ed. 358 (1886), which was itself expressly rejected by the Supreme Court in *Moragne v. States Marine Lines, Inc.,* 398 U.S. 375, 90 S.Ct. 1772, 26 L.Ed.2d 339 (1970). In *Renner v. Rockwell International Corp.,* 587 F.2d 1030 (9th Cir. 1978), (per curiam) the Ninth Circuit concluded that the foundations of the *Agwi* dictum had been undercut by *Moragne* and by an earlier Supreme Court case, *Glus v. Brooklyn Eastern District Terminal,* 359 U.S. 231, 234, 79 S.Ct. 760, 762, 3 L.Ed.2d 770 (1959); the court held that the limitations period of the Act is a procedural constraint which may be tolled—for example, by fraudulent concealment of the cause of action.

It is unnecessary, however, for this court at this time to pass judgment on the survival or viability of the *Agwi* dictum, however dubious the "substantive"/"procedural" distinction may be. I conclude that plaintiff's amended pleading may relate back to the filing of the initial complaint regardless of whether the Act's limitations period is viewed as a "procedural" or a "substantive" condition. Rule 15(c) is not a tolling device. It does not operate to suspend the running of a statute of limitations pending the filing of an amendment. Rather, by "relating" the amendment back to the date of the original pleading, the rule renders irrelevant any subsequent running of the limitations clock. The amendment is deemed to have been asserted at the time of the original complaint; whether or not the statute of limitations has elapsed since that time is immaterial.[6]

Plaintiff's position is supported by a series of decisions in which courts have per-

---

**6.** Rule 15(c) is based on a theory of constructive notice. So long as the amendment arises from the core circumstances asserted in the original complaint, the defendant is considered

mitted the amendment of complaints to sound in admiralty despite the running of the admiralty statute of limitations. *See, e.g., Higginbotham v. Mobil Oil Corp.,* 436 F.2d 8, 11 (5th Cir. 1970); *Beeler v. United States,* 338 F.2d 687 (3d Cir. 1964); *Tankrederiet Gefion A/S v. United States, supra; cf. Liberty Mutual Insurance Co. v. United States,* 183 F.Supp. 944, 945 (E.D.N.Y.1960), *aff'd,* 290 F.2d 257 (2d Cir. 1961).

Skagit's final argument is that it will be unduly prejudiced if plaintiff is allowed to amend her complaint. The potential prejudice asserted by Skagit, however, is not sufficiently weighty to justify denial of plaintiff's proposed amendment. Skagit contends, first, that it would be "unfair" to allow plaintiff to cure her time-barred common law claims by shifting them to admiralty.[7] This surely is not the sort of prejudice for which leave to amend should be denied; indeed, as noted above, one of the primary purposes of Rule 15 is to give plaintiffs a chance to cure jurisdictionally defective complaints. *See Poloron Products, Inc. v. Lybrand Ross Bros. & Montgomery,* 72 F.R.D. 556, 561 (S.D.N.Y.1976); *Applied Data Processing, Inc. v. Burroughs Corp.,* 58 F.R.D. 149, 151 (D.Conn.1973) (Newman, J.); 6 C. Wright and A. Miller, *supra,* § 1487 at 431.

Skagit's second claim of prejudice involves an alleged violation of its right to jury trial. Skagit argues that under Fed.R. Civ.P. 9(h) and 38(e), petitioner's admiralty claims are triable only to the court, not to a jury. To grant plaintiff leave to file the proposed amendment, asserts Skagit, would therefore abrogate Skagit's right to a jury trial on all issues in this case, a right which attached when plaintiff in her initial complaint demanded jury trial.

Arguments similar to Skagit's prevailed in *Johnson v. Penrod Drilling Co.,* 469 F.2d 897 (5th Cir. 1972), *cert. denied,* 423 U.S. 839, 96 S.Ct. 69, 46 L.Ed.2d 58 (1975), and *Banks v. Hanover Steamship Corp.,* 43 F.R.D. 374 (D.Md.1967). In each case, plaintiff was denied permission to amend his complaint to sound in admiralty because such an amendment would deprive the defendant of a jury trial. In each case, however, this holding was premised on a finding that the *sole purpose* of the proposed amendment was to avoid trial by jury. *Johnson, supra,* 469 F.2d at 902; *Banks, supra,* 43 F.R.D. at 380. There has been no showing that plaintiff's motivation in this case was solely to deprive Skagit of a jury trial. Indeed, it is clear that plaintiff's intent was otherwise; the proposed amendment, as Skagit itself contends, is an attempt by plaintiff to press claims which otherwise would be time-barred under state law.

 The proposed amendment does not, moreover, deprive Skagit of a jury trial. Although an action brought solely under admiralty jurisdiction must be tried to a court rather than to a jury, Fed.R. Civ.P. 9(h) and 38(e), admiralty claims may be tried to a jury when linked to a civil claim with an independent basis for federal

---

to have had fair notice of the amendment since the filing of the complaint. For the purposes of a statute of limitations, therefore, the original filing date becomes the only relevant event. *See Tiller v. Atlantic Coast Line R.R. Co.,* 323 U.S. 574, 580–81, 65 S.Ct. 421, 424, 89 L.Ed. 465 (1945); *Michelsen v. Penney,* 135 F.2d 409, 416–17 (2d Cir. 1943); *Zagurski v. American Tobacco Co.,* 44 F.R.D. 440, 442–44 (D.Conn. 1967) (Blumenfeld, J.); 3 *Moore's Federal Practice* ¶ 15.15[2] at 190–91 (2d ed. 1979); 6 C. Wright and A. Miller, *Federal Practice and Procedure* § 1497 at 495–99 (1971). These considerations apply whether the statute of limitations is "substantive" or "procedural" in nature.

**7.** An argument similar to defendant's was rejected by Judge Blumenfeld in *Zagurski v.*

*American Tobacco Co., supra.* Plaintiff in that case sought to amend his complaint (which claimed breach of express warranty and implied warranty) under Rule 15(c) to allege that defendant knew that its product was inherently dangerous and that it failed to issue adequate warnings about the dangerous condition. Defendant argued that to permit the amendment would be unduly prejudicial and unfair. Judge Blumenfeld wrote: "The defendant has had notice from the beginning that the plaintiff is trying to enforce a claim for damages sustained for smoking the cigarettes it manufactured and marketed. It is not unreasonable to require it to anticipate all theories of recovery and prepare its defense accordingly." 44 F.R.D. at 443. *See also Tiller v. Atlantic Coast Line R.R. Co., supra,* 323 U.S. at 580–81, 65 S.Ct. at 424.

jurisdiction. *Bartholomew v. Universe Tankships, Inc.*, 263 F.2d 437, 443–47 (2d Cir. 1959); *Mattes v. National Hellenic American Line, S.A.*, 427 F.Supp. 619, 628 (S.D.N.Y.1977); *Parsell v. Shell Oil Co.*, 421 F.Supp. 1275, 1276 (D.Conn.1976) (Newman, J.), *aff'd mem. sub nom. East End Yacht Club v. Shell Oil Co.*, 573 F.2d 1289 (2d Cir. 1977); *cf. Fitzgerald v. United States Lines Co.*, 374 U.S. 16, 83 S.Ct. 1646, 10 L.Ed.2d 720 (1963). In this case, plaintiff asserts against Skagit a common law negligence claim (the alleged failure to warn) with federal jurisdiction based on diversity of citizenship. This claim arises out of the same circumstances as the admiralty counts, and therefore all may be tried together to a jury. Skagit may secure a jury trial on all claims against it by making demand for a jury within 10 days of the filing of plaintiff's amended complaint. Fed.R.Civ.P. 38(b); 9 C. Wright and A. Miller, *supra*, § 2320 at 94–96.[8]

For the foregoing reasons, plaintiff is granted leave to file her second amended complaint.

It is so ordered.

---

8. Although it did not originally demand a jury trial in this case, Skagit cannot be deemed to have waived its right to jury. Skagit was entitled to rely on plaintiff's original request for jury trial on all counts; once plaintiff requested trial by jury, there was no need for Skagit to make a similar demand. *See Collins v. Government of Virgin Islands*, 366 F.2d 279, 284 (3d Cir. 1966), *cert. denied*, 386 U.S. 958, 87 S.Ct. 1026, 18 L.Ed.2d 105 (1967); *5 Moore's Federal Practice* ¶ 38.45 (2d ed. 1979).